Caruthers, J.,
delivered the opinion of the Court.
On the 16th Oct., 1856, Mitchell sold to Seward & Scales, for the consideration of $8,596.50, a tract of land in the county of Gibson, described in a deed of that date, by metes and bounds, “containing 521 acres, being a part of a 5000 acre tract granted to George Dough-erty, and bounded as follows,” &c.
The title is warranted with the usual covenants, but nothing more said about the grants than what is above recited.
Some time after the deed was made, the ¡parties, differ-ering as to the quantity of land embraced in the tract, made an agreement, that it should be surveyed by Gillespie, and if there were more than five hundred and twenty-one acres, the vendees should pay for the excess at the rate of $16.50 per acre, that being the price at which the sale was made, and if less, then the vendor should pay for the deficiency, at the same rate. It turned out that there was an excess of fifty-seven acres, and the tract embraced in the deed was five hundred and seventy-eight acres, instead of five hundred and twenty-one, as estimated in the sale. For this excess, the present suit was brought, and recovery had, for $1,079.
It is objected here, that the Court below erred, in *89 refusing to charge, as requested, that the agreement sued upon was void for want of a writing, and because there was no consideration for the promise.
1. The contract, or promise sued upon, is not for the sale of land, so as to require a writing, under the Statute of frauds.,
The sale had already been reduced to writing.' This was a subsequent collateral agreement in relation to the price, which was binding by parol, and to which the Statute can have no application whatever. This is too plain for argument.
2. There is more plausibility in the second objection, that there was no sufficient consideration for the promise. But this is also untenable. The argument, is, that the deed embraced the whole tract, and passed a perfect title to the extent of the boundaries, and consequently there was nothing passing as a consideration for the new promise, that the party did not own before by a perfect legal right.
It is true, that if the sale was by the tract and not by the acre, as appears from the deed, and no stipulations as to quantity, that the title was good for the whole and covered the excess. But, if the sale was not in gross, but by the acre, and the recitation in the deed would not be conclusive in a Court of Equity on that point, if the fact could be shown to be otherwise, then there would be mutual remedies for an excess or deficiency in proper cases, as we held in Miller vs. Bents, 4 Sneed, and a more recent case; but independ-ant of that, and taking it to have been purely a sale in gross, and both parties desiring to act justly, and being of different opinions as to the quantity, mutu *90 ally agreed to abide by an accurate survey to ascertain which was bound to pay,, and recover from the other, and what amount. We see no good reason in law or morals, why such an agreement should not be binding upon them. The case of Howe vs. O’Malley, 1 Murphey’s L. and Eq. R., 287, is precisely in point. The Court there held that a promise to refund in case of deficiency, is a good consideration for a promise to pay for any excess over what is called for in the deed. That such mutual promises are sufficient considerations for each other.
The case of Smith vs. Ware, 18 Johns. Rep., 259, which is supposed to conflict with this, is entirely different “ there was no mutuality,” because the promise sued upon was to pay for the deficiency, without any obligation on the other party to pay for an excess, if any there had been.
The principle of the North Carolina case, commends itself to our approbation, because of its equity and justice.
Without further citation of authorities, we are satisfied to hold that the promise in this case was binding upon the defendant, as His Honor charged, and therefore affirm the judgment.